303 So.2d 236 (1974)
Jerome A. SIMONS et al., Plaintiffs-Respondents,
v.
Martha F. STEWART et al., Defendants-Petitioners.
No. 12521.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
Stephen R. Burke, Minden, for plaintiffs-respondents.
Campbell, Campbell, Marvin & Johnson, by John T. Campbell, Minden, for defendants-petitioners.
Before AYRES, BOLIN, PRICE, HALL and DENNIS, JJ.
AYRES, Judge.
Of primary concern is the relevancy of certain facts which defendants sought to establish by answers to interrogatories propounded by them to plaintiffs. Of secondary concern is the action of the learned judge of the trial court in allowing and giving consideration to defendants' objections to plaintiffs' interrogatories, which objections were not filed within the delay permitted for such filings under LSA-C. C.P. Art. 1491. To afford the court an opportunity to review the propriety of the actions taken by the court below, this court, upon defendants' application, directed that appropriate writs issue. Pursuant to that request the record has been lodged in this court. The aforesaid matters, or issues, are now before us for consideration.
These proceedings arose out of an action instituted by plaintiffs, Jerome A. Simons and Robert S. Simons, against defendants, Mrs. Martha F. Stewart and Mrs. Faye F. Walker, wherein plaintiffs, the owners of an alleged enclosed estate, seek to be granted a right of way, or a right of passage, across properties of the defendants, the property of one, or the other, or both of them, pursuant to the provisions of the Revised Civil Code (LSA-C.C. Art. 699 et seq.).
Allegations of plaintiffs' petition appropriate to the present consideration are *237 that: (1) they are the owners of the south 165 feet of a described 80-acre tract of land; (2) defendants are the owners of all the properties immediately adjacent to their property on its northern border; (3) plaintiffs' property constitutes an enclosed estate within the purview of Revised Civil Code Art. 699 et seq.; (4) the nearest public roadway to their property is a gravel road running through defendants' properties.
Under the principles laid down in the aforesaid articles of the Revised Civil Code, plaintiffs express a desire that they be granted a right of passage, or a right of way, through defendants' properties to the aforesaid gravel road.
Through the propounding of the interrogatories, defendants sought information from plaintiffs as to the nature, width, and character of the right of way sought, as well as the need therefor. Other information sought related to the present as well as the intended future use of plaintiffs' property, that is, whether the right of passage sought was for the purpose of serving the alleged enclosed estate in its present condition, or status, or whether the intended purpose was to serve a subdivision or a "settlement" to be comprised of many persons.
None of the aforesaid details on which defendants desire further information are set forth in plaintiffs' petition. It appears to us that this information is not "irrelevant" as alleged in plaintiffs' objections to the interrogatories and as found by the trial court. The width and character of the right of way sought, whether for use of the enclosed estate alone or for a "settlement" are apparently important, not only as to the location of the right of way across defendants' properties but also as to a determination of an award of compensation to be made therefor.
The information sought thus appears to be important, not only to plaintiffs in establishing essential phases or bases of their demands but to defendants in their determination of the nature and character of their defense, if any, particularly with respect to the width, location, and other characteristics of the right of way sought to be taken and the compensation to be paid therefor, if granted.
We conclude that the information sought is relevant, important, and material to whatever defense defendants urge. Defendants are entitled to the information sought through these interrogatories in formulating their defense. Therefore, plaintiffs' objections to the interrogatories as irrelevant were, in our opinion, erroneously sustained.
From our views expressed as to the relevancy of the interrogatories and the information thereby sought, it is unnecessary to discuss or determine the question presented with respect to the timely filing of the objections. Such discussion and determination are hereby pretermitted.
For the reasons assigned, the writs heretofore issued in this cause are hereby perpetuated and made final; and, accordingly, the order of judgment sustaining plaintiffs' objections to the interrogatories is hereby annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that plaintiffs' aforesaid objections to the interrogatories be, and they are hereby, overruled. Accordingly, plaintiffs are directed to answer the interrogatories and, pending the filing and serving of a copy of such answers upon defendants' counsel, and for a period of 15 days thereafter, all proceedings herein are stayed and suspended.
Plaintiffs-respondents are taxed with the cost of this proceeding; the taxation of all other costs is to await final determination of this cause.
Writs perpetuated and made final.